IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF A.H. BECK FOUNDATION CO., INC., | § § § § | |
| Complainant, | § § § | Civil Action No. 2:21-cv-00071 |
| v. | § § | |
| WESTFIELD INSURANCE COMPANY, | § § | |
| Respondent. | § | |

**UNOPPOSED MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24**

Spencer Construction, LLC ("Spencer"), pursuant to Fed. R. Civ. P. 24, hereby moves this Court for leave to intervene in this action as of right, or alternatively, to intervene in this action permissively, and in support thereof states:

**I.**
**Factual Background**

1. On or about September 23, 2020, Four State Border Solutions, LLC ("Four States") (as the prime/general contractor) and the United States of America, acting through the United States Customs and Border Protection ("CBP"), entered into a written contract for the construction of a bridge known as Seco Creek (Contract No. 70B01C20R00000152), pursuant to which Four States agreed to construct certain additions and improvements to CBP bridge in Eagle Pass, Maverick County, Texas. A true and correct copy of the Contract is attached hereto as **Exhibit A**. The solicitation number within Exhibit A is referenced as 70B01C20R00000200. Four States is a joint venture involving Spencer Construction, LLC ("Spencer"). Spencer, as a member of the Four States Joint Venture was to facilitate construction of the Seco Bridge project.

2. In order to fulfill its obligations to the United States and complete the CBP projects, Spencer entered into agreements with certain subcontractors to perform work related to the CBP projects. On or about February 5, 2021, Spencer and A.H. Beck Foundation Co. Inc. ("Beck") entered into a subcontract for the Seco Creek bridge (Contract No. 70B01C20R00000152 and referenced as "Seco Creek 70B01C20R00000200" within the subcontract between Beck and Spencer) as well as Bridge 1130 (not involved in this lawsuit) and Bridge 1152 (not involved in this lawsuit) (the "Subcontract") under which Beck was to perform certain drilled shaft excavation work at the bridges, as more thoroughly specified in the Subcontract. A true and correct copy of the Subcontract is attached hereto as **Exhibit B**. The Subcontract between Beck and Spencer contains a mandatory arbitration agreement.

3. As required in nearly all federal construction projects, Four States, as the prime/general contractor, obtained a payment bond in favor of the United States (as owner) pursuant to the Miller Act, 40 U.S.C. § 3131, *et. seq*. The surety that issued the payment bond is a defendant/respondent in the action as Westfield Insurance Company ("Westfield" of "Surety Defendant/Respondent"). A true and correct copy of the payment bond are attached hereto as **Exhibit C**. The payment bond was issued to Four States. Four States, including Spencer, has agreed to indemnify Westfield for any amounts Westfield may be found liable on the payment bond.

4. On December 10, 2021, Beck (as the United States of America f/u/b/o A.H. Beck Foundation Co. Inc.) filed its Original Complaint against Westfield (the "Complaint"). The complaint seeks recovery from Westfield pursuant to the payment bond. (See Complaint Doc. 1). In the Complaint, Beck alleges that Spencer failed to pay Beck for certain work performed on its CBP project pursuant to the Subcontract. Beck further claims that Spencer did not fully compensate it for timely and properly completing its drilling work on the project. See Complaint, ¶ 7, Doc. 1.

5. Contrary to the allegations in the Complaint, Spencer contends that it has paid all sums owed pursuant to the Subcontract and all sums justly due. Spencer and Westfield intend to dispute Beck's claims and allegations in its Complaint. The underlying dispute, absent from the Complaint, is whether or not Beck encountered rock during the projects. Beck has claimed they encountered rock while Spencer and Westfield dispute that claim

6. Rather than name Spencer as a defendant/respondent to this action, Beck named only the surety Defendant/Respondent, Westfield. Contemporaneously with the filing of this Motion to Intervene Pursuant to Fed. R. Civ. P. 24, Spencer will file an Unopposed Motion to Compel Arbitration and Stay the Litigation. A true and correct copy of the proposed Unopposed Motion to Compel Arbitration and Stay Action Pending Arbitration is attached hereto as **Exhibit D**.

7. Spencer now seeks to intervene in this action, pursuant to Fed. R. Civ. P. 24, because (i) Spencer has a clear interest relating to the property and transaction that is the subject of this action; (ii) disposing of this action may, as a practical matter, impair or impede Spencer's ability to protect its interests; and (iii) Spencer has a claim or defense that shares with the main action a common question of law or fact. Following Spencer's intervention in this action, Spencer will request the Court compel Beck to participate in dispute resolution and arbitration, and to stay this action pending resolution of the arbitration between Spencer and Beck. *See* **Exhibit D**.

This motion is based on all the pleadings, papers, records, and files previously filed in this action and served with this motion and any evidence that may be produced at the hearing on the motion. Spencer and Beck entered into a subcontract for the work to be performed by Beck, which contained a binding arbitration agreement concerning the issues in dispute in the instant suit. That arbitration agreement contemplated any disputes between Spencer and Beck arising out of or related to the Subcontract and would be subject to arbitration. Spencer seeks to intervene in the

instant case so that the disputes among the parties are properly and fully dealt with, via arbitration, as agreed to between Spencer and Beck.

## II.
## Legal Standards

8. Fed, R. Civ. P. 24(a) provides for intervention as a matter of right. This Circuit has broadly construed Fed. R. Civ. P. 24(a) in favor of intervenors. *See Doe #1 v. Glickman,* 256 F. 3d 371, 375 (5th Cir. 2001). Fed. R. Civ. P. 24 recognizes two-paths for a non-party to intervene in a federal action; intervention as of right and permissive intervention. Fed. R. Civ. P. 24(a) allows intervention as a matter of right if the non-party: "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical impair or impede the movant's ability to protect its interest…" Fed. R. Civ. P. 24(a)(2).

9. Fed. R. Civ. P. 24(b) governs requests for permissive intervention. To intervene permissively, the applicant must show that the intervention will not unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3). Upon timely motion, the Court may allow a permissive intervention if the party seeking to intervene claims or defenses share common questions of law or fact with the main suit. Fed. R. Civ. P. 24(b)(1)(B). In exercising discretion, the Court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3).

## III.
## Spencer Should be Granted Leave to Intervene Permissively
## In This Action Pursuant to Rule 24(b)(1)(b), Federal Rules of Civil Procedure

10. Spencer requests that this Court allow it to permissively intervene in this action. District Courts possess "broad discretion in resolving applications for permissive intervention." *6 Moore's Federal Practice,* § 24.10[1] (3d ed.). A district court may permit intervention if a timely motion

4

is filed and the applicant has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(1)(B); *See Rotstain v. Mendez,* 986 F.3d 931, 942 (5th Cir. 2021).

11. First, Spencer's intervention is timely. Additionally, as discussed in greater detail herein, Spencer's claim and defenses have questions of law and fact in common with this action. The Subcontract at issue is between Beck and Spencer. Beck's cause of action concerns Spencer's alleged failure to compensate Beck for Beck's claimed work on the CBP Project. Spencer seeks to intervene to compel arbitration pursuant to the Subcontract.

12. Further, federal courts throughout the United States that have considered a general contractor's request to permissively intervene in an action brought by a sub-contractor against a general contractor's surety have found that permissive intervention by the general contractor is appropriate. *See, e.g., U.S. ex rel. Frank M. Sheesley Co. v. St. Paul Fire & Marine Ins. Co.,* 239 F.R.D. 404, 415 (W.D. Pa. 2006) (allowing general contractor to permissively intervene in subcontractor's lawsuit against surety under Miller Act); *U.S. ex rel. MPA Const., Inc. v. XL Specialty Ins. Co.,* 349 F. Supp. 2d 934, 939 (D. Md. 2004) (granting general contractor's motion to permissively intervene in subcontractor lawsuit against surety under Miller Act); *Mahurin's Const. Co. v. Granite Re, Inc.,* 04-2174-CM-DJW, 2004 WL 2249489, at *1 (D. Kan. Sept. 7, 2004) (holding that general contractor is allowed to intervene in Miller Act case under Rule 24(b) to assert a counterclaim against subcontractor); *Penn Lyon Homes, Inc. v. Liberty Mut. Ins. Co.,* 00CV1808(RNC), 2001 WL 789200, at *1 (D. Conn. May 14, 2001) (allowing permissive intervention by general contractor in Miller Act case).

13. Finally, neither Westfield nor Beck will suffer any prejudice or any undue delay from Spencer's intervention. Westfield also consents to Spencer's intervention in this action.

## IV.
## Alternatively, Spencer Should Be Granted Leave to Intervene
## Pursuant to Fed. R. Civ. P. 24(a)(2)

14. The Fifth Circuit has held that a party seeking to intervene as a matter of right must show: (1) the timeliness of the motion to intervene, (2) an interest relating to the action, (3) that the interest would be impaired or impeded by the case, and (4) that the interest is not adequately represented by the parties. Fed. R. Civ. P. 24(a); *Adam Joseph Res. v. CNA Metals Ltd.,* 919 F.3d 856, 865 (5th Cir. 2019).

15. Further, under Fed. R. Civ. P. 24(a)(2), intervention "must be supported by a 'direct, substantial, legally protectable interest in the proceeding,'" which requires that a party "'must be at least . . . a real party in interest in the transaction which is the subject of the proceeding." However, a party's legal interest does not need to be of a "legal nature identical to that of the claims asserted in the main action." *Diaz v. S. Drilling Corp.,* 427 F.2d 1118, 1124 (5th Cir. 1970).

16. The Subcontract agreed to by Spencer and Beck requires that Beck and Spencer participate in dispute resolution and that "all claims, disputes and matters in question arising out of, or relating to, this Agreement or the breach thereof…" Exhibit B, Article 14.  Westfield is not a party to the Subcontract and therefore Spencer is the proper party to compel Beck to attend dispute resolution and arbitration. Consequently, if Spencer is not allowed to intervene, Beck could attempt to circumvent the Subcontract's dispute resolution and arbitration requirements.

17. Spencer's application to intervene is timely.  Westfield was served with this lawsuit on December 16, 2021.  Westfield's response deadline is January 12, 2022.  Neither Beck nor Westfield have taken any substantive steps to move this case towards resolution.  Moreover, discovery has not yet begun and the parties to this action have not conferred to prepare an initial scheduling order.

18. Spencer has a clear interest relating to the property or transaction, which is the subject of this action. Spencer is the real party in interest in this dispute because the dispute is grounded in allegations that Spencer breached the Subcontract. As a member of the joint venture, Four States, who is the principal on the Bond, Spencer is also obligated to indemnify the surety, Westfield, in the event that the surety becomes obligated to pay Beck's claim. The claims raised in this action concern Spencer's alleged lack of payment to Beck pursuant to the Subcontract. As such, the substance of the dispute concerns Spencer's conduct, not Westfield.

19. Next, Spencer's interest would be impaired or impeded by an unfavorable disposition of the case. As stated, Spencer a member of the joint venture, Four States, is obligated to indemnify Westfield in the event Beck's claim is paid pursuant to the payment bond. Spencer's absence from this instant suit prevents it from enforcing the obligations of Beck and Spencer to arbitrate the disputes arising among the parties.

20. Spencer is so situated that disposition of the action, as a practical matter, would impede or impair its ability to protect its arbitration interests and its interests would be represented inadequately by the existing parties to this action. "The Supreme Court has held that the inadequate representation requirement 'is satisfied if the [proposed intervenor] shows that representation of his interest 'may be' inadequate' and that 'the burden of making that showing should be treated as minimal.'" *See Trbovich v. United Mine Workers of America,* 404 U.S. 528, 538 n.10 (1972)). Further, Fifth Circuit precedent establishes that "the inquiry under subsection (a)(2) is a flexible one, which focuses on the particular facts and circumstances surrounding each application.... [and] intervention of right must be measured by a practical rather than technical yardstick. *See United States v. Tex. E. Transmission Corp.,* 923 F.2d 410, 413 (5th Cir. 1991).

## V.
## <u>Spencer Has Attached All Required Documents to This</u>
## <u>Unopposed Motion for Intervention</u>

21. Fed. R. Civ. P. 24(c) requires that a motion for intervention be accompanied by a "pleading that sets out the claim or defense for which intervention is sought."

22. Simultaneously with this Unopposed Motion to Intervene Pursuant to Fed. R. Civ. P. 24, Spencer will file an Unopposed Motion to Compel Arbitration, a copy of which is attached as **Exhibit D**.

WHEREFORE, Spencer Construction, LLC respectfully requests that the Court grant its Unopposed Motion to Intervene Pursuant to Fed. R. Civ. P. 24 and allow Spencer to intervene in this action by right, or in the alternative, to intervene in this action permissively.

Respectfully submitted,

 */s/ Brandon E. Strey*
Brandon E. Strey
State Bar No. 24084969
brandon.strey@ogletree.com
Tiffany Cox Stacy
State Bar No. 24050734
tiffany.cox@ogletree.com
Ogletree, Deakins, Nash, Smoak
 & Stewart, P.C.
112 East Pecan Street, Suite 2700
San Antonio, Texas  78205
210.354.1300 (Tel.)
210.277.2702 (Fax)

**ATTORNEYS FOR SPENCER CONSTRUCTION, LLC**

## CERTIFICATE OF CONFERENCE

On January 12, 2022, the undersigned counsel contacted counsel for Beck via e-mail regarding and enclosing the Motion to Intervene and whether Beck would agree to submit to arbitration. Counsel for Beck has communicated with counsel for Spencer they are unopposed to the instant Motion.

*/s/ Brandon E. Strey*
Brandon E. Strey

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of January, 2022, I electronically filed the foregoing with the Clerk of the Court, which will send notification to the following:

Sean B. McNelis
Devin Gabriel
McNelis + Associates, PLLC
143 W. Sunset Rd., Suite 200
San Antonio, Texas  78209
sean@mcnelisassociates.com
devin@mcnelisassociates.com

*/s/ Brandon E. Strey*
Brandon E. Strey

49763276.v1-OGLETREE
49910665.v1-OGLETREE